FILED IN CHAMBERS
THOMAS W. THRASH JR
U. S. D. C. Atlanta

NOV  4 2005

LUTHER D. THOMAS, Clerk
By: /s/
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALLEN TAYLOR, JR., INMATE NO. 398444, Plaintiff, | CIVIL RIGHT COMPLAINT 42 U.S.C. § 1983 |
| v. | CIVIL ACTION NO. 1:05-CV-1839-TWT |
| MILTON NIX, JR. and STATE BOARD OF PARDONS AND PAROLES, Defendants. | |

### ORDER AND OPINION

Plaintiff has filed the instant pro se civil rights complaint. The matter is presently before this Court for a 28 U.S.C. § 1915A frivolity determination.

I.  The Standard of Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.), cert. denied, 510 U.S. 893 (1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that

AO 72A
(Rev.8/82)

the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>Brower v. County of Inyo</u>, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. <u>Hale v. Tallapoosa County</u>, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by a person acting under color of state law. <u>Id.</u> If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. <u>See</u> <u>Oladeinde v. City of Birmingham</u>, 963 F.2d 1481, 1485 (11th Cir. 1992) ("In pleading a Section 1983 action, some factual detail is necessary . . ."), <u>cert. denied</u>, 507 U.S. 987 (1993).

II. <u>Discussion</u>

Plaintiff states that he was sentenced in 1989 to life imprisonment with the possibility of parole. (Doc. 1, attached brief at pp. 4, 7). According to the database for the Georgia Department of Corrections, Plaintiff was convicted of aggravated

sodomy, aggravated assault, and rape. (www.dcor.state.ga.us). Plaintiff committed the crimes on August 6, 1989, and he received a life sentence for those crimes. (Id.). Plaintiff also has several previous convictions for robbery and aggravated assault. (Id.).

According to Plaintiff, at the time he committed his crimes he was entitled to be considered for parole after completing seven years of his sentence. (Doc. 1, attached brief at p. 4). In the event a prisoner was denied parole, he would be reconsidered every three years. (Id.). On June 12, 1995, the State Board of Pardons and Parole ("Board") changed its regulation so that prisoners serving life sentences are initially considered for parole after serving fourteen (14) years and are reconsidered for parole every 8 years. (Id.).

Plaintiff was denied parole in August, 2004, and states that he will be reconsidered for parole eight years from that date. Plaintiff alleges that the new regulation violates the Ex Post Facto Clause and the Equal Protection Clause. (Id. at p. 3).

Plaintiff seeks injunctive relief presumably in the form of requiring the Board to apply the reconsideration regulation in effect at the time he committed his crimes. (Doc. 1 at ¶ V). Plaintiff also seeks money damages. (Id.).

3

Plaintiff states in his complaint that he has not challenged the Board's decision of August, 2004, or raised his constitutional claims in any Georgia court. (Id. at pp. 1-2). Title 42 U.S.C. § 1997e(a) instructs that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Court of Appeals for the Eleventh Circuit has found § 1997e(a)'s exhaustion requirement to be a jurisdictional prerequisite to a prisoner's filing suit in federal court. Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998); see also Porter v. Nussle, 534 U.S. 516, 532 (2002) ("we hold that the PLRA's exhaustion requirement applies to all inmate suits").

The Supreme Court of Georgia has stated that when a prisoner seeks to challenge a decision of the Board, "the proper remedy lies in a mandamus action against the Board." Johnson v. Griffin, 522 S.E.2d 657, 658 (Ga. 1999). Plaintiff has not yet challenged the Board's policy or decision, and he has not provided this Court with any reason to believe the aforementioned remedy will not effectively protect his rights. Accordingly, this action should be dismissed without prejudice.

III. Conclusion

**IT IS ORDERED** that the instant civil rights complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this __3__ day of _November_, 2005.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)